UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACI HAMILTON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF SOLANO, et al.,<br><br>    Defendants. | No. 2:19-cv-01804-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Traci Hamilton ("Traci"), individually and on behalf of her minor children (collectively, "Plaintiffs"), allege violations of federal constitutional law and state tort law by the City of Vacaville, County of Solano, and Solano County employees (collectively, "Defendants"). Presently before the Court are two Motions to Dismiss, filed by the following groups of Defendants: (1) City of Vacaville ("City"), ECF No. 4, and (2) County of Solano ("County") and County employees Edward Miller, Katherine Medrano, Magie Chiang, and Rebecca Curcuro (collectively with County, "SC Defendants"), ECF No. 6. For the reasons that follow, both Motions are GRANTED.[1]

///

///

---

[1] Because oral argument would not be of material assistance, the Court ordered these matters submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

# BACKGROUND[2]

## A. 2015 Removal of Children

Traci lived in the same household with her six minor children and her estranged husband, Nathaniel Hamilton; Traci and Nathaniel were separated but continued to reside in separate bedrooms of the household. According to Plaintiffs, in December 2015, unknown City and/or County employees ("Does 11–20") removed the children and placed them in the custody of Child Protective Services ("CPS") without a warrant or exigent circumstances based on allegations that the children lived in a filthy and unsanitary home.[3] Plaintiffs allege that Does 11–20 then maliciously lied, misrepresented facts, and omitted exculpatory information to deceive the juvenile court into continuing the detention of the children in foster care. Additionally, Plaintiffs claim that while the children were in foster homes, each of them was subjected to medical examinations, procedures, and/or treatment, and that Traci was never notified or asked to give her consent. Following a detention hearing, the juvenile court dismissed the case.

## B. 2019 Removal of Children

On January 14, 2019, Traci confronted Nathaniel after one of their daughters told her that Nathaniel had been sexually abusing her for months. When Traci threatened to call the police, Nathaniel pulled out a knife and started stabbing Traci in the neck. Their daughter tried to protect Traci, after which Nathaniel stabbed the daughter as well. Nathaniel then proceeded to set the house on fire and left, leaving Traci and her five children inside; fortunately, everyone escaped. Traci and her daughter were taken to the hospital while the other children were placed in CPS custody by Edward Miller, Katherine Medrano, and other Doe Defendants despite the presence of numerous relatives who were willing to take the children.

---

[2] The following of recitation of facts is taken, sometimes verbatim, from the Complaint. ECF No. 1.

[3] Plaintiffs state that they did not reside in that home but at a different address.

The children were taken to the Vacaville Police Department ("VPD") and remained there until Miller, Medrano, and other City and/or County personnel took them to separate foster homes.  Following interviews with the children, two VPD detectives, and Traci, Miller filed and Medrano signed a detention report recommending that the children remain in foster care.  Plaintiffs claim that this time Miller and Medrano maliciously lied, misrepresented facts, and omitted exculpatory evidence in order to deceive the juvenile court into again continuing the detention of the children.  More specifically, Plaintiffs contend that Miller and Medrano included false statements that Traci failed to protect the children and that there was no caretaker for the children available.  The detention report highlighted that Nathaniel presented the greatest risk of harm to the children, but it failed to state that Nathaniel was killed by police shortly after he set the house on fire.

The juvenile court held a detention hearing on January 18, 2019.[4]  Traci was released from the hospital on February 6, 2019, but CPS personnel told her that she would not get her children back.  Plaintiffs further allege that while the children were in foster care, each of them was subjected to medical examinations, procedures, and/or treatment, and that Traci was never notified or asked to give her consent.  On April 5, 2019, the juvenile court ordered that the children be returned to Traci immediately.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell

---

[4] Plaintiffs further allege that after the hearing, an unidentified County employee was driving two of the children back to their placement when the vehicle was involved in a car accident.  Both children suffered injuries, but Traci was not informed of the accident or the injuries.

3

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief."  Id. at 556 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the

4

amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

As a preliminary matter, each claim is divided into two causes of action: one relating to the 2019 removal of the children ("2019 Removal"), and the other relating to the 2015 removal of the children ("2015 Removal"). For our purposes, the same analysis applies to both sets of removals. Furthermore, the Court notes Plaintiffs' Complaint fails to distinguish the actions of the City versus those of the County, which makes deciphering which facts apply to specific Defendants difficult.

The Complaint sets forth thirteen Causes of Action ("COA") arising under both federal and state law: (1) violation of rights to familial association pursuant to the Fourth and Fourteenth Amendments as to the 2019 Removal (all Plaintiffs); (2) violation of rights to familial association pursuant to the Fourth and Fourteenth Amendments as to the 2015 Removal (the children); (3) violation of the Fourth Amendment for unlawful seizure as to the 2019 Removal (the children); (4) violation of the Fourth Amendment for unlawful seizure as to the 2015 Removal (the children); (5) violation of the Fourth and Fourteenth Amendments for judicial deception as to the 2019 Removal (all Plaintiffs);

5

(6) violation of the Fourth and Fourteenth Amendments for judicial deception as to the 2015 Removal (the children); (7) violations of the Fourth and Fourteenth Amendments related to medical examinations, procedures, and/or treatments as to the 2019 Removal (all Plaintiffs); (8) violations of the Fourth and Fourteenth Amendments related to medical examinations, procedures, and/or treatments as to the 2015 Removal (the children); (9) Intentional Infliction of Emotional Distress (all Plaintiffs); (10) False Imprisonment (the children); (11) Negligence and Negligence Per Se (Traci and two of the children); (12) Monell Liability as to the County (all Plaintiffs); and (13) Monell Liability as to the City (all Plaintiffs).

### A. Section 1983 Claims: Familial Association (First and Second COAs); Unlawful Seizure and Removal (Third and Fourth COAs); and Monell Claims (Twelfth and Thirteenth COAs)

#### 1. City's Motion to Dismiss

The City seeks dismissal of Plaintiffs' § 1983 claims against it on the ground that Plaintiffs have failed to sufficiently allege facts to establish municipal liability against the City. City Mot. Dismiss, ECF No. 4, at 5. Municipalities and local officials cannot be vicariously liable for the conduct of their employees under § 1983, but rather are only "responsible for their own illegal acts." Connick v. Thompson, 563 U.S. 51, 60 (quoting Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 665–83 (1978)). In other words, a municipality may only be liable where it individually caused a constitutional violation via "execution of government's policy or custom, whether by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Monell, 436 U.S. at 694. The Ninth Circuit has recognized three ways to establish a custom or policy of a governmental entity for purposes of municipal liability:

> (1) the constitutional tort was the result of a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority "delegated that authority to, or ratified the decision of, a subordinate."

///

Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. Cty. of San Francisco, 308 F.3d 968, 984–85 (9th Cir. 2002); see also Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005)).

Plaintiffs' First, Second, Third, and Fourth COAs generally allege that their injuries were the result of a policy, practice, procedure, or custom of the City but fail to point to any specific policy or procedure at play in either the 2015 or 2019 Removals. See Compl., ¶¶ 29, 30, 105, 108, 111, 114. Without identifying the policy, practice, or custom that caused Plaintiffs' injuries, the Court cannot determine if a plausible claim exists under § 1983.

Additionally, Plaintiffs' Thirteenth COA alleges inadequate training or supervision of the City's employees.

> A plaintiff alleging a failure to train claim must show that: (1) he was deprived of a constitutional right, (2) the municipality had a training policy that amounts to deliberate indifference to the [constitutional rights] of the persons' with whom [its employees] are likely to come into contact; and (3) his constitutional injury would have been avoided had the municipality properly trained those [employees].

Young v. City of Visalia, 687 F. Supp. 2d 1141, 1148 (E.D. Cal. Aug. 18, 2009) (quoting Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir. 2007) (internal quotation marks omitted)). Here, Plaintiffs fail to allege any training policy by the City that resulted in Plaintiffs' injuries. Therefore, Plaintiffs' First, Second, Third, Fourth, and Thirteenth COAs against the City are DISMISSED with leave to amend.

### 2. SC Defendants' Motion to Dismiss

SC Defendants argue that Plaintiffs' First, Second, Third, and Fourth COAs fail to allege sufficient facts to state claims for violations of the rights to familial association or unlawful seizure. SC Defs. Mot. Dismiss, ECF No. 6, at 13. "The claims of the parents . . . should properly be assessed under the Fourteenth Amendment standard for interference with the right to family association . . . . Because only the children were subjected to a seizure, their claims should properly be assessed under the Fourth Amendment." Wallis v. Spencer, 202 F.3d 1126, 1137 n.8 (9th Cir. 2000). "Despite the

different constitutional source of the right, . . . 'the same legal standard applies in evaluating Fourth and Fourteenth Amendment claims for the removal of children.'" Keates v. Koile, 883 F.3d 1228, 1236 (9th Cir. 2018) (quoting Wallis, 202 F.3d at 1137 n.8). Both Fourth and Fourteenth Amendment rights are respectively "violated if a state official removes children from their parents without their consent, and without a court order, unless information at the time of the seizure, after reasonable investigation, establishes reasonable cause to believe the child is in imminent danger of serious bodily injury, and the scope, degree, and duration of the intrusion are reasonably necessary to avert the specific injury issue at issue." Keates, 883 F.3d at 1237–38.

Here, Plaintiffs fail to sufficiently state claims under both the Fourth and Fourteenth Amendments. Regarding the 2019 Removal, Plaintiffs failed to establish there was no reasonable cause to believe the children were in imminent danger at the time of separation. Given the facts surrounding the stabbings, arson, and hospitalizations of Traci and one of her children, there clearly was an emergency at the time SC Defendants took temporary custody of the minors.[5] Plaintiffs argue that Nathaniel was killed shortly after he fled the home, thus the threat to the children was eliminated; however, there is nothing to suggest that SC Defendants were aware of Nathaniel's death when they took the children. See Compl. ¶¶ 58–68. As for the 2015 Removal, none of the facts allege that Miller, Medrano, Chiang, and Curcuro were involved.

Finally, Plaintiffs' First, Second, Third, Fourth, and Twelfth COAs against the County also fail because like the City above, the Complaint does not allege a policy, practice, custom, or inadequate training that resulted in Plaintiffs' injuries in both the 2015 and 2019 Removals. Therefore, Plaintiffs' First, Second, Third, Fourth, and Twelfth COAs are DISMISSED against SC Defendants with leave to amend.

///

---

[5] The Court notes that the Complaint does not allege what role either Chiang or Curcuro played in the 2019 Removal.

8

**B.     Judicial Deception (Fifth and Sixth Causes of Action)**[6]

Plaintiffs allege in their Fifth and Sixth COAs that Defendants used perjured testimony, fabricated evidence, and excluded exculpatory information in the dependency court proceedings.  Compl., ECF No. 1, at 21–22.  To state a claim for judicial deception under § 1983, the plaintiff must show that the investigator made deliberately false statements or recklessly disregarded the truth and that the falsifications were material.  Galbraith v. Cty. of Santa Clara, 307 F.3d 1119, 1126 (9th Cir. 2002).  A statement is "material to the granting of [a] removal order if the juvenile court would have declined to issue the order had [the defendant] been truthful."  Sigal v. Cty. of Los Angeles, Case No. 2:17-CV-04851-RGK-AGR, 2018 WL 5899636, at *4 (C.D. Cal. Jan. 17, 2018); Butler v. Elle, 281 F.3d 1014, 1026 (9th Cir. 2002).

Regarding both the 2015 and 2019 Removals,[7] Plaintiffs fail to demonstrate that these alleged lies, misrepresentations, or omissions were material to the granting of a removal order or that the juvenile court would not have issued the removal order had the information been truthful.[8]  Therefore, Plaintiffs' Fifth and Sixth COAs are DISMISSED with leave to amend.

**C.     Violation of Rights Arising Out of Medical Procedures (Seventh and Eighth Causes of Action)**[9]

Plaintiffs allege Fourth and Fourteenth Amendment violations as they relate to medical procedures because the children were examined and treated by doctors without

---

[6] Although Plaintiffs assert these COAs against both the City and SC Defendants, the Complaint only alleges that the SC Defendants made material misrepresentations.  Because Plaintiffs fail to show how the City participated in the juvenile dependency hearings, Plaintiffs' Fifth and Sixth COAs are DISMISSED as to the City with leave to amend.

[7] The Fifth COA fails to allege any wrongdoing by or participation of Curcuro and Chiang in the 2019 Removal whereas the Sixth COA fails to allege any wrongdoing by or participation of Miller, Medrano, Curcuro, and Chiang in the 2015 Removal.

[8] The Court notes that the facts relating to the 2015 and 2019 dependency proceedings are sparse, making it difficult to ascertain the outcome of those proceedings and whether removal orders were even issued.

[9] Pursuant to Plaintiffs' Opposition, these claims are not currently asserted against the City.  Pls.' Opp. to City's Mot. Dismiss, ECF No. 8, at 4.

9

1 | Traci's consent or attendance.  Compl., ECF No. 1, at 22–23.  Medical procedures are
2 | constitutionally violative if the medical procedures were overly intrusive and purely
3 | investigatory in nature.  <u>Mann v. Cty. of San Diego</u>, No. 3:11-cv-0708-GPC-BGS, 2013
4 | WL 4046642, at *15 (S.D. Cal. Aug. 8, 2013).  Plaintiffs do not provide any details as to
5 | what treatments or procedures the children received, let alone that the medical
6 | procedures were overly intrusive or purely investigatory.  Therefore, Plaintiffs' Seventh
7 | and Eighth COAs are DISMISSED with leave to amend.

       **D.**    **State Law COAs**

Plaintiffs' federal claims presently dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law COAs.  The Court need not address the merits of the City and SC Defendants' Motions to Dismiss with respect to the remaining state law COAs, as those issues are now moot.

**CONCLUSION**

For the reasons stated above, the City's Motion to Dismiss, ECF No. 4, and SC Defendants' Motion to Dismiss, ECF No. 6, are both GRANTED with leave to amend.  Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiffs may (but are not required to) file an amended complaint.  If no amended complaint is timely filed, this action will be deemed dismissed without leave to amend upon no further notice to the parties.

      IT IS SO ORDERED.

Dated:  April 28, 2020

                                    MORRISON C. ENGLAND, JR
                                    UNITED STATES DISTRICT JUDGE